IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY PEARSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-240 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PRISON SYSTEM, | : | |
| CITY OF PHILADELPHIA, MAYOR JIM | : | |
| KINNEY, Individually and in his capacity | : | |
| as Mayor, City of Philadelphia, | : | |
| Superintendent Douglas Giorla, Individually | : | |
| and in his capacity as Prison Commissioner, | : | |
| Philadelphia Prison System, WARDEN | : | |
| WILLIAM LAWTON, Individually and in | : | |
| his capacity as Warden, House of | : | |
| Correction, MAJOR EDWARD | : | |
| MIRANDA, Individually and in his capacity | : | |
| as Major, House of Correction, | : | |
| SERGEANT GANGEMI, Individually and | : | |
| in her capacity as Sergeant, House of | : | |
| Correction, CORIZON HEALTH CARE, | : | |
| INC., and QUAN BANG, RN, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                          November 16, 2016

The *pro se* plaintiff commenced this action for alleged damages after he received an

infection that he believes resulted from two haircuts he received while incarcerated in the

Philadelphia Prison System.  The plaintiff, who is proceeding *in forma pauperis*, has, despite

repeated requests, failed to provide the United States Marshal's Service with the information

necessary for it to effect service of the amended complaint upon four of the defendants.  After

noting this failure, the court entered an order upon the plaintiff to show cause why the court

should not dismiss the case under Rule 4(m) of the Federal Rules of Civil Procedure due to his

failure to timely serve the summonses and amended complaint in this action. The plaintiff has failed to respond to the order and has not shown good cause for his failure to effect timely service. Accordingly, the court will dismiss without prejudice the plaintiff's claims against these unserved defendants.

## I. PROCEDURAL HISTORY

The *pro se* plaintiff, Rodney Pearson, commenced this action by filing an application to proceed *in forma pauperis* and a complaint against the Philadelphia Prison System on January 8, 2016.[1] Doc. No. 1. At the time of the filing of these documents, the plaintiff was incarcerated in the House of Correction in Philadelphia.

After reviewing the application and the proposed complaint as required under 28 U.S.C. § 1915, the court entered an order on February 4, 2016, which (1) granted the application to proceed *in forma pauperis*, and (2) dismissed the complaint without prejudice to the plaintiff filing an amended complaint within 30 days of the date of the order. Order, Doc. No. 3. The plaintiff responded to this order by filing another complaint that the Clerk of Court docketed as a new action at Civil Action No. 16-770. As the additional complaint pertained to the same subject matter as the complaint in this action and its exhibits contained handwritten notes referencing Civil Action No. 16-240, the court entered an order on February 22, 2016, which consolidated the actions and directed the Clerk of Court to file the complaint at Civil Action No. 16-770 as an amended complaint in this case. Order, Doc. No. 5. On that same date, the Clerk of Court docketed the amended complaint. Doc. No. 6.

---

[1] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the United States Court of Appeals for the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it). Here, the plaintiff declared that he delivered the complaint to prison authorities for mailing to the clerk of court on January 8, 2016. *See* Complaint at 8, Doc. No. 1-1.

With the amended complaint, the plaintiff now asserts 42 U.S.C. § 1983 claims against the originally-named defendant, the Philadelphia Prison System, and numerous newly-named defendants, including the City of Philadelphia (the "City"), Mayor Jim Kenney (in his official and individual capacities), Superintendent Douglas Giorla (in his official and individual capacities), Warden William Lawton (in his official and individual capacities), Major Edward Miranda (in his official and individual capacities), and Sergeant Gangemi (in his official and individual capacities), Corizon Health Care, Inc. ("Corizon"), and Quan Bang, R.N. ("Bang").[2] Amended Compl. at 1. Regarding the substance of his claims, the plaintiff claims that while housed in the Philadelphia Prison System as a pretrial detainee in November 2015, he received two haircuts from individuals using unsanitary hair-cutting equipment. *Id.* at 2-3. By December 2015, the plaintiff noticed an infection on his head in the nature of "a 'bubble' measuring 2 cm in diameter." *Id.* at 3. The plaintiff claims that despite his repeated written requests for medical attention, he was not seen until two or three weeks after his requests. *Id.*

The plaintiff alleges that during this medical inspection Bang evaluated the infection and his head, informed him that he would be fine, and recommended treatment by draining the infected area. *Id.* Although Bang recommended draining the infected area, Corizon denied treatment because it was too expensive and informed the plaintiff that unless it became an open wound, he would have to wait until his release to have the procedure completed. *Id.*

Because he was still in pain, the plaintiff continued to submit sick calls to prison personnel. *Id.* In response to multiple sick calls, Sergeant Gangemi pursued disciplinary action against the plaintiff and issued a written infraction. *Id.* The plaintiff's condition remained untreated. *Id.*

---

[2] The plaintiff mistakenly refers to Mayor Jim Kenney's last name as "Kinney" in the amended complaint. The court uses the proper spelling of the Mayor's last name in this opinion.

After reviewing these allegations in the amended complaint under section 1915, the court entered an order on May 26, 2016, which, *inter alia*, dismissed with prejudice the plaintiff's claims against the Philadelphia Prison System because it is not a person subject to suit under section 1983.  Order at 1, Doc. No. 7.  The court also specially appointed the Clerk of Court to serve written waiver of service requests upon the defendants and, if the defendants did not execute and return waivers of service, the court directed the Clerk of Court to transmit the summonses and a copy of the amended complaint to the United States Marshal's Service for immediate service under Rule 4(c) of the Federal Rules of Civil Procedure.  *Id.* at 2.

The docket entries in this case show that the Clerk of Court sent waivers of service to the defendants on May 26, 2016, provided the plaintiff with a notice of this mailing, and advised him that if the defendants did not waive service by June 27, 2016, the Clerk would forward the amended complaint to the Marshal's Service to effect service.  Doc. Nos. 8, 9.  None of the defendants waived service and on June 28, 2016, the Clerk of Court issued summonses for the defendants and forwarded them to the Marshal's Service.  *See* Third Unnumbered Docket Entry After Doc. No. 12.

During the period that the Clerk of Court awaited the possible execution of the waivers of service, the plaintiff filed a motion to appoint counsel and a notice of change of address that the Clerk of Court docketed on June 2, 2016.  Doc. Nos. 11, 12.  The notice of change of address indicated that prison officials had transferred the plaintiff from the Philadelphia Prison System to the Montgomery County Correctional Facility.

The court granted the motion seeking the appointment of counsel and referred the case to the Prisoner Civil Rights Panel for a period of 60 days on June 8, 2016.  Doc. No. 12.  Despite the prior notice of change of address, personnel at the Montgomery County Correctional Facility

returned mail containing the June 8, 2016 order sent to the plaintiff there because it was "unable to forward."  *See* Second Unnumbered Docket Entry After Doc. No. 12.

On July 13, 2016, Corizon filed a motion for an extension of time to file a response to the amended complaint.  Doc. No. 14.  The court granted the motion on July 14, 2016, and Corizon filed a motion to dismiss the amended complaint on July 17, 2016.  Doc. Nos. 15, 16.

While the court was attempting to discern why the Montgomery County Correctional Facility was returning mail sent to the plaintiff there, the court was also administrating another action filed by the plaintiff against various members of the City of Philadelphia Police Department and docketed at Civil Action No. 16-530.[3]  In that action, the court had scheduled a Rule 16 initial pretrial conference via telephone to occur on July 7, 2016.  During the telephone conference, defense counsel for the defendant police officers informed the court that she was unable to get the plaintiff on the telephone conference because he was apparently released from prison in June.  Shortly after the conference, defense counsel acquired the plaintiff's new address and phone number.

With this additional information, the court entered an order in this case on July 20, 2016, which (1) noted that the plaintiff failed to comply with his obligation under Local Civil rule 5.1(b) to file a change of address with the Clerk of Court, (2) ordered the plaintiff to file a notice of change of address with the clerk of court within 21 days of the date of the order, and (3) directed the Clerk of Court to send a copy of the order to the address acquired by defense counsel in Civil Action No. 16-530.  Doc. No. 17.  During this 21-day period, the City and Mayor Kenney jointly filed a motion to dismiss the amended complaint on July 29, 2016.  Doc. No. 18.

---

[3] In this action, the plaintiff alleges that five City of Philadelphia police officers falsely arrested him and used excessive force during the arrest. *See* Complaint at 2-3, *Pearson v. Philadelphia Police Dep't, et al.*, No. CIV. A. 16-530, Doc. No. 3.

On that same date, Sergeant Gangemi filed an answer with affirmative defenses to the amended complaint.  Doc. No. 19.

The plaintiff never filed a change of address as ordered by the court.  In addition, 60 days passed without any member of the Prisoner Civil Rights Panel having agreed to represent the plaintiff in this matter.  As such, the court entered an order on August 15, 2016, which (1) again required the plaintiff to file a notice of change of address with the Clerk of Court by no later than August 24, 2016, (2) required the plaintiff to inform the court no later than August 24, 2016, whether he intended to continue to prosecute this matter in a *pro se* capacity despite no member of the Prisoner Civil Rights Panel having agreed to take his case, (3) directed Corizon to serve a copy of its motion to dismiss on the plaintiff at his apparent new address, and (4) informed the plaintiff that if he did not comply with the requirements of the order, the court may dismiss the action without further notice.[4]  Doc. No. 21.

Once again, the plaintiff never filed a notice of change of address or informed the court as to whether he was going to proceed *pro se*.  Corizon filed a document on September 13, 2016, suggesting that the court follow its warning to the plaintiff and dismiss the action due to these failures.  Doc. No. 24.  Instead of dismissing the case, the court scheduled an initial pretrial conference for October 4, 2016.  Doc. No. 25.

On October 4, 2016, the court held an initial pretrial conference during which the plaintiff and counsel for the responding (and served) parties appeared.  During the conference, while the plaintiff expressed concerns with his ability to understand the litigation process and the documents he received and admitted that he had not filed responses to some of the documents he

---

[4] The City of Philadelphia, Mayor Kenney, and Sergeant Gangemi, who are represented by the same counsel as the defendants in Civil Action No. 16-530, served the motion to dismiss and answer upon the plaintiff at this other address.  *See* Defendants' Mot. to Dismiss for Failure to State a Claim at 9, Doc. No. 18; Answer to Pl.'s Am. Compl. with Affirmative Defenses at 4, Doc. No. 19.

received, he also indicated a desire to continue prosecuting the case in his *pro se* capacity.  The

court also discussed with the plaintiff that he needed to respond to the pending motions to

dismiss (since any responses were well overdue), that he needed to timely responding to court-

ordered deadlines, motions and other requests and, most importantly for purposes of this opinion,

that his apparent failure to provide the Marshal's Service with the completed USM-285 forms

precluded it from serving the four then-unserved defendants, Superintendent Douglas Giorla,

Warden William Lawton, Major Edward Miranda, and Quan Bang, RN.

The court then entered an order on October 5, 2016, which required the plaintiff to fully

complete the USM-285 forms and return them to the Marshal's Service.  Order, Doc. No. 27.  In

the order, the court referenced some of the discussion that occurred during the initial pretrial

conference, including the court receiving representations from the Marshal's Service that it had

notified him on three occasions (July 8, 2016, August 10, 2016, and September 26, 2016) about

his failure to provide the completed USM-285 forms; yet, the plaintiff failed to complete and

return them.  *Id.* at n.1.  The court also provided the plaintiff with the addresses for the Marshal's

Service and the Clerk of Court and explained to him that employees there would assist him with

completing the forms if he needed assistance.  *Id.*  The court gave the plaintiff 20 days to

complete and return the forms.

There is no record of the plaintiff completing and returning the forms.[5]  As such, on

October 27, 2016, the court entered an order requiring the plaintiff to show cause as to why the

court should not dismiss without prejudice the plaintiff's causes of action against the unserved

defendants.  Doc. No. 31.  The court gave the plaintiff until November 10, 2016, to file a written

---

[5] The court contacted the Marshal's Service, which confirmed that it had not received completed USM-285 forms for the unserved defendants from the plaintiff.

response.  The plaintiff, as he has with every other filing deadline since he was released from prison, failed to act in response to the court's order.

## II.    DISCUSSION

According to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff had 90 days from the court's order entered on May 26, 2016, relating to service of the summonses and amended complaint, *i.e.* until August 24, 2016, to serve the summonses and complaint upon the defendants.   *See* Fed. R. Civ. P.  4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P.  4(m) (requiring plaintiff to serve defendant with process "within 90 days after the complaint is filed").[6]   Rule 4(m) provides that if the plaintiff fails to serve a defendant within 90 days,

> the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P.  4(m).  Rule 4(m) "require[s] a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

As indicated above, the court ordered the Marshal's Service to effect service of the summonses and amended complaint in this matter after the defendants declined to execute waivers of service.  The plaintiff has failed to take the necessary steps – the completion and return of USM-285 forms – to allow the Marshal's Service to effect service on all named defendants.   He has failed to take these necessary steps despite repeated reminders from the Marshal's Service and additional time provided by the court.  For reasons known only to him, this failure to complete the documents necessary to allow the Marshal's Service to effect service

---

[6] As indicated above, the court had the Clerk of Court docket the amended complaint on February 22, 2016, but the court did not enter an order relating to service of that document until May 26, 2016.

has become part of a trend where the plaintiff is failing to prosecute this action.  As the plaintiff

has failed to complete the required tasks for the timely service of the summonses and amended

complaint upon the defendants, Superintendent Douglas Giorla, Warden William Lawton, Major

Edward Miranda, and Quan Bang, RN, and the court finds no reason to further extend the time

for service, the court will dismiss without prejudice his claims against these unserved defendants

under Rule 4(m).  *See Ballard v. City of Philadelphia*, 541 F. App'x 143, 145 (3d Cir. 2013)

(affirming district court's dismissal of all claims asserted against an individual defendant for the

plaintiff's failure to "timely effect service under Fed.R.Civ.P. 4(m) because [the district court]

gave [the plaintiff] numerous chances to submit the U.S. Marshall's [sic] 285 Form with an

accurate, current address for [the individual defendant], but the plaintiff failed to do so").

### III.    CONCLUSION

The plaintiff has failed to comply with Rule 4(m) by neglecting to provide the Marshal's

Service with the completed USM-285 forms to serve the defendants, Superintendent Douglas

Giorla, Warden William Lawton, Major Edward Miranda, and Quan Bang, RN.  He has not

demonstrated good cause for his failure to effect timely service and the court finds no

justification to extend the time for him to complete the forms necessary to effect service;

accordingly, the court will dismiss without prejudice his claims against these unserved

defendants under Rule 4(m).

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

9