IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY PEARSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-240 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PRISON SYSTEM, | : | |
| CITY OF PHILADELPHIA, MAYOR JIM | : | |
| KINNEY, Individually and in his capacity | : | |
| as Mayor, City of Philadelphia, | : | |
| Superintendent Douglas Giorla, Individually | : | |
| and in his capacity as Prison Commissioner, | : | |
| Philadelphia Prison System, WARDEN | : | |
| WILLIAM LAWTON, Individually and in | : | |
| his capacity as Warden, House of | : | |
| Correction, MAJOR EDWARD | : | |
| MIRANDA, Individually and in his capacity | : | |
| as Major, House of Correction, | : | |
| SERGEANT GANGEMI, Individually and | : | |
| in her capacity as Sergeant, House of | : | |
| Correction, CORIZON HEALTH CARE, | : | |
| INC., and QUAN BANG, RN, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                           January 6, 2017

The *pro se* plaintiff commenced this action for alleged damages after he received an infection that he believes resulted from two haircuts he received while incarcerated in the Philadelphia Prison System. Previously, the court dismissed the plaintiff's claims against all of the named defendants except for one. Recently, the court received notice from the remaining defendant that the plaintiff failed to appear for his scheduled deposition and failed to respond to this defendant's written discovery requests. As these failures are emblematic of the plaintiff's failure to comply with the court's deadlines and to otherwise prosecute this matter, the court provided the plaintiff with a period of time to indicate whether he intended to prosecute this

matter or whether the court should dismiss the case for lack of prosecution. Predictably, the plaintiff failed to file a response.

As discussed in more detail below, the court has considered the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) and finds that they weigh in favor of dismissing this action for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

## I.     PROCEDURAL HISTORY[1]

The *pro se* plaintiff, Rodney Pearson, commenced this action by filing an application to proceed *in forma pauperis* and a complaint against the Philadelphia Prison System on January 8, 2016.[2] Doc. No. 1. At the time of the filing of these documents, the plaintiff was apparently incarcerated in the House of Correction in Philadelphia.

After reviewing the application and the proposed complaint as required under 28 U.S.C. § 1915, the court entered an order on February 4, 2016, which (1) granted the application to proceed *in forma pauperis*, and (2) dismissed the complaint without prejudice to the plaintiff filing an amended complaint within 30 days of the date of the order. Order, Doc. No. 3. The plaintiff responded to this order by filing another complaint that the Clerk of Court docketed as a new action at Civil Action No. 16-770. As the additional complaint pertained to the same subject matter as the complaint in this action and its exhibits contained handwritten notes

---

[1] The court previously set forth the majority of the procedural history of this matter in a November 16, 2016 memorandum opinion which dismissed a number of defendants due to the plaintiff's failure to timely serve them as required by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Memorandum Op. at 2-8, Doc. No. 33. The court has repeated this procedural history here for sake of completeness as this dismissal terminates the case in its entirety.

[2] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the United States Court of Appeals for the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it). Here, the plaintiff declared that he delivered the complaint to prison authorities for mailing to the clerk of court on January 8, 2016. *See* Complaint at 8, Doc. No. 1-1.

referencing Civil Action No. 16-240, the court entered an order on February 22, 2016, which consolidated the actions and directed the Clerk of Court to file the complaint at Civil Action No. 16-770 as an amended complaint in this case. Order, Doc. No. 5. On that same date, the Clerk of Court docketed the amended complaint. Doc. No. 6.

With the amended complaint, the plaintiff now asserts 42 U.S.C. § 1983 claims against the originally-named defendant, the Philadelphia Prison System, and numerous newly-named defendants, including the City of Philadelphia (the "City"), Mayor Jim Kenney (in his official and individual capacities), Superintendent Douglas Giorla (in his official and individual capacities), Warden William Lawton (in his official and individual capacities), Major Edward Miranda (in his official and individual capacities), and Sergeant Gangemi (in his official and individual capacities), Corizon Health Care, Inc. ("Corizon"), and Quan Bang, R.N. ("Bang").[3] Amended Compl. at 1. Regarding the substance of his claims, the plaintiff claims that while housed in the Philadelphia Prison System as a pretrial detainee in November 2015, he received two haircuts from individuals using unsanitary hair-cutting equipment. *Id.* at 2-3. By December 2015, the plaintiff noticed an infection on his head in the nature of "a 'bubble' measuring 2 cm in diameter." *Id.* at 3. The plaintiff claims that despite his repeated written requests for medical attention, he was not seen until two or three weeks after his requests. *Id.*

The plaintiff alleges that during this medical inspection Bang evaluated the infection and his head, informed him that he would be fine, and recommended treatment by draining the infected area. *Id.* Although Bang recommended draining the infected area, Corizon denied treatment because it was too expensive and informed the plaintiff that unless it became an open wound, he would have to wait until his release to have the procedure completed. *Id.*

---

[3] The plaintiff mistakenly refers to Mayor Jim Kenney's last name as "Kinney" in the amended complaint. The court uses the proper spelling of the Mayor's last name in this opinion.

Because he was still in pain, the plaintiff continued to submit sick calls to prison personnel. *Id.* In response to multiple sick calls, Sergeant Gangemi pursued disciplinary action against the plaintiff and issued a written infraction.[4] *Id.* The plaintiff's condition remained untreated. *Id.*

After reviewing these allegations in the amended complaint under section 1915, the court entered an order on May 26, 2016, which, *inter alia*, dismissed with prejudice the plaintiff's claims against the Philadelphia Prison System because it is not a person subject to suit under section 1983. Order at 1, Doc. No. 7. The court also specially appointed the Clerk of Court to serve written waiver of service requests upon the defendants and, if the defendants did not execute and return waivers of service, the court directed the Clerk of Court to transmit the summonses and a copy of the amended complaint to the United States Marshal's Service for immediate service under Rule 4(c) of the Federal Rules of Civil Procedure. *Id.* at 2.

The docket entries in this case show that the Clerk of Court sent waivers of service to the defendants on May 26, 2016, provided the plaintiff with a notice of this mailing, and advised him that if the defendants did not waive service by June 27, 2016, the Clerk would forward the amended complaint to the Marshal's Service to effect service. Doc. Nos. 8, 9. None of the defendants waived service and on June 28, 2016, the Clerk of Court issued summonses for the defendants and forwarded them to the Marshal's Service. *See* Third Unnumbered Docket Entry After Doc. No. 12.

During the period that the Clerk of Court awaited the possible execution of the waivers of service, the plaintiff filed a motion to appoint counsel and a notice of change of address that the Clerk of Court docketed on June 2, 2016. Doc. Nos. 11, 12. The notice of change of address

---

[4] The plaintiff attaches a copy of Sergeant Gangemi's misconduct charge to the amended complaint. *See* Amended Compl. at ECF p. 8. He also attaches a copy of a grievance form that he completed and purported submitted with respect to multiple issues, including the misconduct charge. *Id.* at ECF p. 9.

4

indicated that prison officials had transferred the plaintiff from the Philadelphia Prison System to the Montgomery County Correctional Facility.

The court granted the motion seeking the appointment of counsel and referred the case to the Prisoner Civil Rights Panel for a period of 60 days on June 8, 2016. Doc. No. 12. Despite the prior notice of change of address, personnel at the Montgomery County Correctional Facility returned mail containing the June 8, 2016 order sent to the plaintiff there because it was "unable to forward." *See* Second Unnumbered Docket Entry After Doc. No. 12.

On July 13, 2016, Corizon filed a motion for an extension of time to respond to the amended complaint. Doc. No. 14. The court granted the motion on July 14, 2016, and Corizon filed a motion to dismiss the amended complaint on July 17, 2016. Doc. Nos. 15, 16.

While the court was attempting to discern why the Montgomery County Correctional Facility was returning mail sent to the plaintiff there, the court was also administrating another action filed by the plaintiff against various members of the City of Philadelphia Police Department and docketed at Civil Action No. 16-530.[5] In that action, the court had scheduled a Rule 16 initial pretrial conference via telephone to occur on July 7, 2016. During the telephone conference, defense counsel for the defendant police officers informed the court that she was unable to get the plaintiff on the telephone conference because he was apparently released from prison in June. Shortly after the conference, defense counsel acquired the plaintiff's new address and phone number.

With this additional information, the court entered an order in this case on July 20, 2016, which (1) noted that the plaintiff failed to comply with his obligation under Local Civil Rule 5.1(b) to file a change of address with the Clerk of Court, (2) ordered the plaintiff to file a notice

---

[5] In this action, the plaintiff alleges that five City of Philadelphia police officers falsely arrested him and used excessive force during the arrest. *See* Complaint at 2-3, *Pearson v. Philadelphia Police Dep't, et al.*, No. CIV. A. 16-530, Doc. No. 3. As also briefly referenced later in this opinion, the court dismissed this case for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure on November 22, 2016. *See id.*, Doc. No. 25.

of change of address with the Clerk of Court within 21 days of the date of the order, and (3) directed the Clerk of Court to send a copy of the order to the address acquired by defense counsel in Civil Action No. 16-530. Doc. No. 17. During this 21-day period, the City and Mayor Kenney jointly filed a motion to dismiss the amended complaint on July 29, 2016. Doc. No. 18. On that same date, Sergeant Gangemi separately filed an answer with affirmative defenses to the amended complaint. Doc. No. 19.

The plaintiff never filed a change of address as ordered by the court. In addition, 60 days passed without any member of the Prisoner Civil Rights Panel having agreed to represent the plaintiff in this matter. As such, the court entered an order on August 15, 2016, which (1) again required the plaintiff to file a notice of change of address with the Clerk of Court by no later than August 24, 2016, (2) required the plaintiff to inform the court no later than August 24, 2016, whether he intended to continue to prosecute this matter in a *pro se* capacity despite no member of the Prisoner Civil Rights Panel having agreed to take his case, (3) directed Corizon to serve a copy of its motion to dismiss on the plaintiff at his apparent new address, and (4) informed the plaintiff that if he did not comply with the requirements of the order, the court may dismiss the action without further notice.[6] Doc. No. 21.

Once again, the plaintiff never filed a notice of change of address or informed the court as to whether he was going to proceed *pro se*. Corizon filed a document on September 13, 2016, suggesting that the court follow-through on the warning to the plaintiff and dismiss the action due to these failures. Doc. No. 24. Instead of dismissing the case, the court scheduled an initial pretrial conference for October 4, 2016. Doc. No. 25.

---

[6] The City, Mayor Kenney, and Sergeant Gangemi, who are represented by the same counsel as the defendants in Civil Action No. 16-530, served the motion to dismiss and answer upon the plaintiff at this other address. *See* Defendants' Mot. to Dismiss for Failure to State a Claim at 9, Doc. No. 18; Answer to Pl.'s Am. Compl. with Affirmative Defenses at 4, Doc. No. 19.

On October 4, 2016, the court held an initial pretrial conference during which the plaintiff and counsel for the responding (and served) parties appeared. During the conference, the plaintiff expressed concerns about his ability to understand the litigation process and the documents he received, and he acknowledged that he had not filed responses to some of the documents he received. Nonetheless, the plaintiff indicated a desire to continue prosecuting the case in his *pro se* capacity. The court also informed the plaintiff that he needed to respond to the pending motions to dismiss (since any responses were well overdue), that he needed to timely respond to court-ordered deadlines, motions and other requests, and that his apparent failure to provide the Marshal's Service with completed USM-285 forms precluded it from serving the four then-unserved defendants, Superintendent Douglas Giorla, Warden William Lawton, Major Edward Miranda, and Quan Bang, RN.

The court then entered an order on October 5, 2016, which required the plaintiff to fully complete the USM-285 forms and return them to the Marshal's Service. Order, Doc. No. 27. In the order, the court referenced some of the discussion that occurred during the initial pretrial conference, including the court receiving representations from the Marshal's Service that it had notified the plaintiff on three occasions (July 8, 2016, August 10, 2016, and September 26, 2016) about his failure to provide the completed USM-285 forms; yet, the plaintiff failed to complete and return them. *Id.* at n.1. The court also provided the plaintiff with the addresses for the Marshal's Service and the Clerk of Court and explained to him that employees there would assist him with completing the forms if he needed assistance. *Id.* The court gave the plaintiff 20 days to complete and return the forms. *Id.*

There is no record of the plaintiff completing and returning the forms.[7]  As such, on October 27, 2016, the court entered an order requiring the plaintiff to show cause as to why the court should not dismiss without prejudice the plaintiff's causes of action against the unserved defendants.  Doc. No. 31.  The court gave the plaintiff until November 10, 2016, to file a written response.  *Id.*  The plaintiff failed to act in response to the court's order.  The court then issued a memorandum opinion and order on November 16, 2016, which dismissed without prejudice the claims against Superintendent Douglas Giorla, Warden William Lawton, Major Edward Miranda, and Quan Bang, RN, due to the plaintiff's failure to comply with Rule 4(m).  Doc. Nos. 33, 34.

After the court dismissed the aforementioned defendants, the only remaining defendant (due to the plaintiff's failure to file an amended complaint) was Sergeant Gangemi ("Gangemi").  On December 13, 2016, Gangemi filed a motion to compel the plaintiff's deposition.  Doc. No. 35.  In this motion, Gangemi indicated that although he served the plaintiff with written discovery requests via regular and certified mail on August 12, 2016, the plaintiff had not filed responses to the requests.  *See* Defendant's Mot. to Compel Pl.'s Dep. at 1 & Ex. A.  Gangemi also stated that on November 28, 2016, he sent a letter by regular and certified mail to the plaintiff, which (1) advised him that he had not provided responses to the written discovery requests, (2) provided him with another copy of the requests, and (3) notified him that Gangemi might file a motion to compel if he does not receive the written responses.  *Id.* at 1 & Ex. B.  Gangemi also stated that on November 28, 2016, he sent the plaintiff a notice of deposition via regular and certified mail.  *Id.* at 1 & Ex. C.  Gangemi received a signed return receipt.  *Id.* at 1-2

---

[7] The court previously contacted the Marshal's Service, which confirmed that it had not received completed USM-285 forms for the unserved defendants from the plaintiff.

& Ex. C.[8]  Although the notice scheduled the plaintiff's deposition for December 8, 2016, Sergeant Gangemi represents that the plaintiff failed to appear for the deposition.  *Id.* at 1-2.

On December 16, 2016, the court entered an order granting the motion to compel and staying discovery until further order of court.  *See* Order at 3, Doc. No. 36.  In this order, the court also required the plaintiff to notify the court in writing by no later than December 30, 2016, whether he intended to continue prosecuting this case.  *Id.*  The court advised the plaintiff that if he failed to provide written notice regarding his intent to prosecute, the court would interpret the "failure as [his] acknowledgement that he does not wish to proceed with the case" and the court would dismiss the case for lack of prosecution.  *Id.*  To date, the plaintiff has not filed a response to the December 16, 2016 order.

## II.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth six factors for the court to consider in determining whether to dismiss an action with prejudice for the failure to prosecute.  The six *Poulis* factors are:  (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense.  747 F.2d at 868.  The court will address each of these factors.

---

[8] Although it is impossible to make out the name on the signature line, the signature appears to be very similar to the signature the plaintiff used on his complaint.  *Compare* Complaint at 8, Doc. No. 4, *with* Defendant's Mot. to Compel Pl.'s Dep. at Ex. C.

9

### A.  The Party's Personal Responsibility

The first factor is the extent of the party's personal responsibility.  Here, the plaintiff is personally responsible for his failure to prosecute and his failure to comply with the court's orders.  He is prosecuting this matter in a *pro se* capacity and has no one else to blame but himself.  *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) ("[U]nlike a situation where dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation.").

In addition, the court notes that although the plaintiff was incarcerated at the time he commenced this lawsuit, all of his failures to comply with court orders and other litigation responsibilities have occurred once he was released from prison and free from the restrictions accompanying incarceration.  There is no indication that a third party is responsible for the plaintiff's failures or that he has somehow not received notice of his obligations in this case; for example, since learning of his new address in July 2016, the court has ensured that the Clerk of Court and the parties (despite the plaintiff not filing a change of address as required by our Local Rule and multiple court orders) send copies of all orders and correspondence to his new address.  This included the court ordering Corizon to serve the plaintiff with a copy of its motion to dismiss at his current address.  *See* Order at 3, Doc. No. 21.  As far as the court is aware, since the court noted the plaintiff's change in address, no document has been sent back to the Clerk of Court because it was undeliverable.  Thus, this first factor weighs heavily in favor of dismissal.

### B.  Extent of Prejudice to Gangemi

The second factor is the extent of prejudice to the adversary caused by the plaintiff's failure to meet the requirements of the court's scheduling order and to respond to requests for discovery, including the written requests and the notice of deposition.  Here, the court finds that Gangemi is prejudiced by the plaintiff's failure to provide answers to his discovery responses or

10

to be deposed because is effectively denying him an opportunity to prepare a defense to the plaintiff's claims.[9] *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial."). Thus, this second factor also weighs heavily in favor of dismissal.

### C. The Plaintiff's History of Dilatoriness

The third factor is whether the plaintiff has a history of dilatoriness. This factor is easily satisfied in this case and weighs heavily in favor of dismissal.

A court can find a pattern of dilatoriness where there has been "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994). Here, with the exception of his participation in the initial pretrial conference in October, the plaintiff has not participated in this litigation since his release from prison. Despite knowing of his obligation to provide the Clerk of Court with a change of address (he filed one when he went from the Philadelphia Prison System to the Montgomery County Jail), the plaintiff failed to submit a notification of the change on his own accord (and as required by our Local Rule) and failed to do so despite two court orders requiring him to do it. The plaintiff never filed a response to either of the motions to dismiss, and he never filed a written response to the court's order requiring him to notify the court if he intended to continue prosecuting the case in a *pro se* capacity once no member from the Prisoner Civil Rights Panel agreed to represent him.[10]

---

[9] The court recognizes that discovery is stayed and the discovery deadline in this case is not scheduled to conclude until January 11, 2017. Nonetheless, there is no indication that the court issuing an order to compel will cause the plaintiff to take any action in this case.

[10] The plaintiff's attendance at the initial pretrial conference does not excuse his failure to comply with this court's orders.

11

During the initial pretrial conference, the plaintiff acknowledged that he was not responding to the court's orders and the parties' motions. The court discussed with the plaintiff that he needed to respond to the pending motions to dismiss (since any responses were well overdue), that he needed to timely responding to court-ordered deadlines, motions and other requests, and that his apparent failure to provide the Marshal's Service with the completed USM-285 forms precluded it from serving the four unserved defendants. On the day following the initial pretrial conference, the court entered an order requiring the plaintiff to fully complete the USM-285 forms and return them to the Marshal's Service. The plaintiff failed to do so, and he failed to respond to the court's order to show cause addressing this exact issue, which resulted in the court dismissing four defendants from this case.

Additionally, the court had granted the two motions to dismiss, but provided the plaintiff with an opportunity to file a second amended complaint if he wished to continue with his claims against Corizon, Mayor Jim Kenney, and the City of Philadelphia. The plaintiff never filed a second amended complaint.

Now, with only one defendant remaining in the case, Gangemi is reporting that the plaintiff never supplied responses to the written discovery requests and failed to appear for his noticed deposition. The plaintiff also failed to respond to this court's order in which the court raised the plaintiff's lack of prosecution *sua sponte*.[11]

Based on the above, the plaintiff has established a history of dilatoriness in this case.

---

[11] While this is not needed for the court's consideration of whether the plaintiff has failed to prosecute this case, the plaintiff had brought another action at almost the same time as this case, which was docketed at Civil Action No. 16-530. In response to a motion to dismiss for lack of prosecution filed by the defendants in that case (the defendants were represented by the same defense counsel as multiple defendants, including Gangemi, in this case), the court granted the motion on November 22, 2016, and dismissed the lack with prejudice for lack of prosecution. Similar to this case, the plaintiff's only action in the case once he was released from prison was his involvement in the initial pretrial conference (which was held via telephone instead of in person).

### D. Whether the Plaintiff's Conduct Was Willful or in Bad Faith

The fourth factor is whether the plaintiff's conduct was willful or in bad faith. In evaluating this factor, the court must determine whether the conduct at issue reflects mere inadvertence or negligence, or conversely, whether it is "the type of willful or contumacious behavior which [can be] characterized as 'flagrant bad faith.'" *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Here, the plaintiff has failed to comply with multiple court orders, and the court finds that these failures constitute willful disregard of the court's authority. In addition, the court warned the plaintiff that his failure to file a response to the court's December 16, 2016 order would demonstrate that he supported dismissal of the action. There is no indication that the plaintiff did not receive a copy of the court's order and he has failed to file a response to the court's order. The court can only conclude that he has intentionally failed to file any response. The plaintiff also appears to have willfully ignored his discovery obligations. Thus, this factor also weighs in favor of dismissal.

### E. The Effectiveness of Sanctions Other Than Dismissal

The fifth factor is the effectiveness of sanctions other than dismissal. With respect to this factor, "sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding *pro se* and in forma pauperis." *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011). Here, the plaintiff is proceeding *in forma pauperis*, so the threat of monetary compliance (including fines, costs, or payment of attorney's fees) is unlikely to prompt compliance. Also, when a plaintiff fails to prosecute his action, any sanction other than dismissing the action would be inappropriate. *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008). Thus, the court finds that no alternative sanction is available in this case and this factor highly weighs in favor of dismissal.

### F.     <u>The Meritoriousness of the Claim</u>

The sixth and final factor is the meritorious of the claim or defense. When evaluating this factor, courts must apply the Rule 12(b)(6) standard for addressing motions to dismiss.[12] In the first instance and as previously mentioned, the plaintiff's only remaining claim is against Gangemi. It is not abundantly clear what the plaintiff's claim is against Gangemi. In the amended complaint, the plaintiff alleges that in response to multiple sick calls that he placed regarding the bubble on his head, Gangemi pursed disciplinary action against him and issued a written infraction. *See* Amended Compl. at ECF p. 3.

The plaintiff attached a copy of the misconduct charge to the complaint, which states as follows:

> On January 1, 2016, inmate Rodney Pearson pp#1036407 arrived in the area for sickcall [sic] services. Inmate Rodney Pearson was informed on 12/3/15 and 12/26/15, if for any reason his medical problem gets worst [sic] to put in another sickcall [sic] slip and it will be addressed. Inmate Pearson continue [sic] to put in sickcall [sic] slips and his condition did not get worst [sic]. Per RN Quang, inmate Pearson was informed as to what to look for if the condition did get worst [sic]. Sgt. Gangemi came to sickcall [sic] room and was informed of the situation by the inmate and RN Quang.

*Id.* at ECF p. 8. Although it is unclear if the plaintiff followed the proper course to contest the written infraction, the plaintiff also attached a copy of a purported grievance that he filed with respect to numerous issues, including being "written up" for placing a sick call about his head. *Id.* at ECF p. 9.

At this stage, the court cannot discern that the plaintiff has a meritorious claim. Even viewing the allegations in the amended complaint in the best light to the plaintiff, his best claim

---

[12] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). While conducting this review, the court must liberally construe the allegations in the operative complaint because the plaintiff is proceeding *pro se*. *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

against Gangemi is that he should not have issued an infraction for submitting sick call requests. The plaintiff does not appear to have suffered any actual injury as a result of the infraction other than having the infraction on his record. It is also unclear how Gangemi violated the plaintiff's constitutional rights because it appears that the medical staff (and not Gangemi) placed the prohibition on the plaintiff placing sick calls and Gangemi was merely enforcing that prohibition when he issued the misconduct charge.

Regardless, other than the attached misconduct charge (which appears to provide Gangemi with a valid basis to issue a misconduct charge), there is no factual record for the court to evaluate the merits of the claim because the plaintiff has failed to participate in the discovery process. Thus, even if the plaintiff had a meritorious claim, he has failed to develop the claim.

The court finds that the plaintiff has failed to assert a potentially meritorious claim against Gangemi and, thus, this factor also weighs in favor of dismissal.

### G. Balancing the Factors

The court must now balance the aforementioned six factors. When balancing the aforementioned six factors, there is no "magic formula" or mathematical calculation used to direct a particular result. *Briscoe*, 538 F.3d at 263. In addition, the Third Circuit has provided additional guidance to district courts by admonishing that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, all factors weigh or heavily weigh in favor of dismissing this action. Therefore, the court finds that upon balancing all of the factors dismissal with prejudice is warranted and appropriate in this case. Accordingly, the court will dismiss this action with prejudice for the plaintiff's failure to prosecute.

### III. CONCLUSION

Since the time that prison officials released the plaintiff from confinement, he has not participated in the prosecution of this action except for his attendance at the initial pretrial conference. During this conference, the plaintiff expressed his confusion about how this lawsuit would proceed and appeared to be concerned with his ability to understand the proceedings, his ability to timely respond when required to do so, and the prospect of litigating the case in Easton, Pennsylvania, as he resides in Philadelphia. While the court appreciates the level of concern present when faced with litigating a case without having any legal experience, the plaintiff brought this action claiming that the named defendants, including Gangemi, violated his constitutional rights. These are serious allegations and our adversarial legal system requires a plaintiff bringing such a claim to take the necessary steps to prosecute it. The plaintiff has failed to fulfill his obligations to prosecute this case and has failed to respond to the court's order inquiring why the court should not dismiss the case for lack of prosecution. Accordingly, the court will dismiss this action for lack of prosecution.

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.